IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOKIA TECHNOLOGIES OY,<br><br>Petitioner,<br><br>v.<br><br>APPLE INC.,<br><br>Respondent. | Civ. Action No. Misc. _____<br><br>[TIME SENSITIVE] |

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER NOKIA TECHNOLOGIES OY'S EXPEDITED MOTION SEEKING THE ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**

Petitioner Nokia Technologies Oy ("Nokia"), the Complainant in Certain Electronic Devices, Including Mobile Phones, Tablet Computers, and Components Thereof, Inv. No. 337-TA-1038 ("the Investigation") before the U.S. International Trade Commission ("ITC"), hereby submits this memorandum in support of its expedited motion for the Court to issue, under its seal and signature, the Letter of Request to the Central Authority of the Republic of Korea.

Chief Administrative Law Judge Charles E. Bullock, who presides over the Investigation, has issued findings that the Letter of Request seeks evidence relevant to the Investigation, is reasonably limited, and is timely to the Investigation.[1] *See* Appendix A at 1–2. Additionally, due to statutory time limitations on ITC investigations, these requests are often granted expedited treatment and Nokia respectfully requests that the Court expedite the issuance of the Letter. *See, e.g., Netlist, Inc. v. SK hynix Inc. et. al.*, No. 16-mc-02563, Dkt. No. 9 (Dec.

---

[1] Respondent Apple Inc. and the Commission Investigative Staff have not opposed Chief Administrative Law Judge Bullock's recommendation. *See* Exhibit A at 1.

28, 2016) (granting expedited treatment for request for issuance of letters rogatory arising from ITC investigation).

The Letter of Request to Samsung Electronics Co., Ltd. ("SEC") (Appendix B) and its certified Korean translation (Appendix C) solicit the assistance of the Republic of Korea's Central Authority to obtain certain documents and deposition testimony relevant to this Investigation, and unobtainable through other means from SEC, for use at the hearing in the Investigation.

For these reasons, as discussed in more detail below, Nokia respectfully requests that the Court issue the Letter of Request as soon as the Court deems appropriate.

## I. The District Court has the Authority to Issue a Letter of Request

The Hague Evidence Convention states, in relevant part, that "[i]n civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act." Hague Conference on Private International Law of March 18, 1970 on the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, art. 1, Oct. 7, 1972, U.N.T.S. 37/1976 ("the Hague Evidence Convention").[2] The Hague Evidence Convention entered into force with respect to the United States and the Republic of Korea on February 12, 2010. *See Status Table on the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, HAGUE CONFERENCE ON PRIVATE INTERNATIONAL LAW.[3]

---

[2] *Available at* https://assets.hcch.net/docs/dfed98c0-6749-42d2-a9be-3d41597734f1.pdf (last visited Feb. 23, 2017).
[3] *Available at* https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited Feb. 23, 2017).

The United States District Court for the District of Columbia is a "judicial authority" of the United States, and may request the competent authority of the Republic of Korea, by means of a Letter of Request, to obtain evidence related to this Investigation. Hague Evidence Convention, art. 1; *see also* 28 U.S.C. § 1781(b)(2) (allowing "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner").

The Central Authority of the Republic of Korea, under the Hague Evidence Convention, has a compulsory process to enable Nokia to gather evidence within the country. Evidence can be compelled by a Letter of Request transmitted from a court in the United States to the Central Authority of the Republic of Korea. Requests must be submitted in duplicate with Korean translations and the Letter of Request must include the seal of the court and signature of the issuing judge. *See Legal Considerations, International Judicial Assistance: South Korea*, U.S. DEP'T OF STATE.[4]

## II. Nokia's Letter of Request Seeks Relevant Evidence

The information sought in the document requests and deposition topics is highly relevant to Nokia's domestic industry arguments in the Investigation. These requests are narrowly tailored to elicit technical information only available from SEC.

Nokia invests significant resources in the United States into the research and development, design, engineering, and testing of telecommunications technologies. Nokia then licenses these innovations to manufacturers of mobile electronic devices, including SEC. Accordingly, Nokia believes that SEC is in possession of documents relevant to the

---

[4] *Available at* https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/korea-south.html (last visited Feb. 23, 2017).

Investigation, including documents describing the technical features in SEC's mobile devices that are at issue in this Investigation.

### III. Nokia Needs the Letter of Request to Obtain the Relevant Evidence

Nokia is unable to obtain the requested documents and deposition testimony through a different means because the relevant documents and knowledgeable witnesses are located in the Republic of Korea, beyond the ITC's subpoena powers. Moreover, the Republic of Korea entered objections to Articles 16 and 17 of Chapter II of the Hague Evidence Convention and prohibits depositions of Korean National and Third Country National willing witnesses. *See Declaration/Reservation/Notification: Republic of Korea*, HAGUE CONFERENCE ON PRIVATE INTERNATIONAL LAW.[5] As a result, Nokia's only manner of obtaining technical evidence regarding its domestic industry positions is through the Letter of Request. Without obtaining these documents and deposition testimony, Nokia would be prejudiced in the Investigation.

For the foregoing reasons, Nokia respectfully requests that the Court issue the attached Letter of Request as soon as it deems appropriate. Should the Court issue the letter, Nokia will promptly transmit it to the Central Authority for the Republic of Korea, in duplicate with Korean translations, for enforcement in a court in the Republic of Korea.

---

[5] *Available at* https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/korea-south.html (last visited Feb. 23, 2017).

Dated: March 21, 2017

Respectfully Submitted,

_____
Scott J. Pivnick
(DC BAR No. 455195)
**ALSTON & BIRD LLP**
950 F Street, N.W.
Washington, DC 20004
Telephone: (202) 239-3634
Facsimile: (202) 239-3333

*Counsel for Petitioner (Complainants)*
*Nokia Technologies Oy*

## APPENDIX OF ATTACHMENTS

| | |
|---|---|
| Exhibit A | Order Granting Complainant's Motion Seeking Recommendation to the District Court for the District of Columbia to Issue a Letter of Request |
| Appendix A | Recommendation for Issuance of Letter of Request for Samsung Electronics Co., Ltd. |
| Appendix B | Letter of Request to Samsung Electronics Co., Ltd., with Attachments A–F (Attachment A, Documents or Other Property to be Produced by Samsung Electronics Co., Ltd.; Attachment B, Topics for the Deposition of Samsung Electronics Co., Ltd.; Attachment C, Protective Order; Attachment D, Ground Rules; Attachment E, Complaint; Attachment F, Subpoenas Issued to Samsung Austin Semiconductor LLC and Samsung Electronics America) |
| Appendix C | Korean Translation of Letter of Request to Samsung Electronics Co., Ltd., with Attachments A–F (Attachment A, Documents or Other Property to be Produced by Samsung Electronics Co., Ltd.; Attachment B, Topics for the Deposition of Samsung Electronics Co., Ltd.; Attachment C, Protective Order; Attachment D, Ground Rules; Attachment E, Complaint; Attachment F, Subpoenas Issued to Samsung Austin Semiconductor LLC and Samsung Electronics America) |